JOHNSON v. STATE.

Opinion delivered January 18, 1909.

1. CONTINUANCES—CUMULATIVE TESTIMONY OF ABSENT WITNESSES.—It was not an abuse of discretion to refuse a continuance on account of the absence of certain persons desired as witnesses if their testimony would have been cumulative merely, and it was uncertain whether they could be procured to testify and what they would testify if procured. (Page 46.)

2. APPEAL AND ERROR—HARMLESS ERROR.—Where it was admitted in a murder case that defendant committed the killing, it was not prejudicial error to permit the State to prove that one of the defendant's witnesses had stated that she killed deceased. (Page 47.)

Appeal from Greene Circuit Court; *Frank Smith,* Judge; affirmed.

*W. W. Bandy,* for appellant.

*William F. Kirby,* Attorney General, and *Daniel Taylor,* Assistant, for appellee; *C. A. Cunningham,* of counsel.

A motion for continuance, based on the absence of witnesses, should show what is expected to be proved by them, and that there is at least a reasonable probability that their attendance can be had at the next term of the court. It would be unreasonable to grant a continuance on the grounds set out in this motion. 36 Ark. 328; 54 Ark. 244; 57 Ark. 167. It was plainly interposed for the purpose of delaying the trial, and ought not to be considered. 67 Ark. 290.

HILL, C. J. Johnson killed Foley, and surrendered to the sheriff, and was incarcerated. This appears to have been on Friday the 11th of September, 1908. He was indicted by the grand jury of Greene County on September 15th for murder in the first degree; on the 17th he moved for a continuance, which was denied; and on the 18th of September he was put upon trial, convicted of murder in the second degree, sentenced to fifteen years in the penitentiary, and has appealed.

The appellant asks a reversal upon two grounds:

1. It is alleged that the court erred in overruling his motion for continuance. This motion set forth that he had been imprisoned since the homicide and deprived of power to personally arrange his defense and collect his evidence. He says that the

deceased was entering his gate in a violent, riotous and tumultuous manner, with an open knife in his hand, threatening a murderous assault, when he shot him; that the only eye witness, so far as he was advised, except from rumor, was Mrs. Taylor and her daughter; that their testimony will sustain his defense, but he is informed that Mrs. Taylor's character for morality will be impeached, and that he should not go to trial without an opportunity to find out how many citizens of the community would testify that she is truthful, although immoral. Furthermore, he asserted that he is informed that at the time of the shooting a through freight train was passing on the Cotton Belt railroad tracks, about thirty yards distant, and that some of the train crew and another party on the train saw the deceased attempting to enter his premises in the manner indicated; that the names of the parties are unknown to him, but that the evidence of these parties, at least of the train crew, can be secured, and he believes they will testify in support of his defense. In testing whether there has been an abuse of discretion in refusing to grant a continuance, there should be considered the uncertainty as to procuring the witnesses from the freight train, and, if procured, whether they would testify as hoped, and the further fact that the desired testimony was only cumulative of the evidence on the part of the defendant and contradictory of that on the part of the State. Mrs. Taylor and the appellant testified to the affair as alleged in the motion. The State introduced four witnesses who saw parts, and some almost all, of the tragedy and the conduct of the participants leading to it, all of whose evidence was in direct conflict with the evidence of the defendant on the material matters. It can not be said that there was an abuse of discretion in this matter.

2. In rebuttal, the State was allowed to prove by two witnesses that Mrs. Taylor stated that she had shot Foley, and if that shot did not do him she was ready to do it again, and she wanted some one to take him away. This is the other alleged error. Whether this evidence was admitted as part of the *res gestae* or in contradiction of Mrs. Taylor does not appear. If the former, its proximity to the act is not shown; and if the latter, a proper foundation was not laid. The court is unable to see the prejudice of this evidence. The killing was admitted,

and the defense of habitation and person claimed; and statements of a witness that she, and not the defendant, had shot Foley were foreign to the issue, and could not have prejudiced the defense. They were irrelevant and harmless.

Finding no error, the judgment is affirmed.